**UNITED STATES v. ROSENBLUM.**

Nos. 10127, 10128 and 10129.

United States Court of Appeals
Seventh Circuit.

June 22, 1950.

Albert Ward, Palmer K. Ward, Indianapolis, Ind., for appellant.

Matthew E. Welsh, U. S. Atty., B. Howard Caughran, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before MAJOR, Chief Judge, KERNER and DUFFY, Circuit Judges.

DUFFY, Circuit Judge.

Defendants Rosenblum, Stryk, and Weiss were indicted separately for the offense of having willfully and knowingly attempted to defeat and evade a large part of his income and victory tax for the calendar year 1943, in violation of Sec. 145(b), Title 26 U.S.C.A., by filing a false and fraudulent income and victory tax return. A fourth indictment jointly charged these defendants with a conspiracy to evade his own as well as his co-defendants' income taxes for the year 1943. The four indictments were consolidated for trial, a jury was waived, and a trial had before the court, and a judgment of conviction was entered on each of the four indictments. Upon an appeal to this court the convictions on the three indictments charging income tax evasion were unanimously affirmed, but the judgment of conviction charging conspiracy was reversed by a di-

vided court. 176 F.2d 321. Each of the three defendants unsuccessfully petitioned the Supreme Court for a writ of certiorari. Certiorari denied 338 U.S. 893, 70 S.Ct. 239, rehearing denied 338 U.S. 940, 70 S.Ct. 344.

On January 31, 1950, this court amended its order and judgment dated June 13, 1949, by directing a judgment of acquittal in the conspiracy case. Judge Lindley of this court, who had presided at the trial of the defendants in the district court, was assigned to dispose of any matters pending in that court. He sentenced each defendant upon the substantive charge of which he had been convicted. After they were committed, each defendant filed a motion to cancel the judgment of conviction against him on the ground that the judgment was void and the sentence illegal because of their acquittal on the conspiracy count. These appeals are from a denial of these motions.

Defendants argue that their acquittal on the conspiracy charge is res judicata against prosecution or punishment on their substantive offense. Each defendant claims that the points, questions and issues presented for determination in the substantive charge against him were identical with those litigated in the conspiracy charge, and that acquittal on the conspiracy charge is a bar to prosecution or punishment on the substantive offense.

The members of this court did not have any difference of opinion as to the guilt of any of the three defendants upon the substantive offense of attempting to defeat and evade a part of his income tax for the calendar year 1943. The record fairly shrieked of their guilt.

Two of the judges of this court who heard the former appeal held that the conspiracy indictment was good as against the attack made that it was practically identical to the indictment for the substantive offense, pointing out that conspiracy to commit a crime is a different offense than the crime which may be the object of the conspiracy. Two of the judges cited Pinkerton et al. v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489, where the Supreme Court refused to accept the proposition that the substantive offenses were merged in the conspiracy.

The only reason that the judgment of guilty on the conspiracy charge was reversed was that two judges of this court thought that the district court had received and relied upon ex parte statements, and admissions made by the defendants long after the conspiracy had ended; but we were all in agreement that any such statements or admissions made by any defendant could be considered in determining whether that defendant was guilty of the substantive offense. Judge Lindley was entirely correct in denying the motions to cancel the judgment of conviction of each defendant.

We reach the further contention of the defendants that the district court's retaxation of costs against them was beyond its power, and, therefore, illegal.

In addition to the terms of imprisonment and fines, the district court, in imposing its sentences upon the defendants, exercised the discretion reposed in it under 28 U.S.C., 1940 Ed., Sec. 822,[1] and ordered that the defendants each pay one-third of the costs of prosecution of the four cases. The ascertainment of such fractional amounts was not made on the basis of the taxation of costs separately in each of the four cases. Instead, the clerk ascertained the total costs and entered the same in the one case in which the three defendants were charged with conspiracy.

In so handling the matter, the clerk committed the error of failing to tax the individual liability of the defendants for one-third of the costs in the other cases as required by the sentences imposed.

---

[1]. 28 U.S.C., 1940 Ed., Sec. 822 provides: "When judgment is rendered against the defendant in a prosecution for any fine or forfeiture incurred under a statute of the United States, he shall be subject to the payment of costs; and on every conviction for any other offense not capital, the court may, in its discretion, award that the defendant shall pay the costs of the prosecution." This statute, while in effect when the sentences were imposed, was superseded by 28 U.S.C.A. § 1918, effective September 1, 1948.

958

Under Rule 36 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., however, this mistake or error could be corrected by the district judge at any time. The rule provides:

"Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

The court's power to correct mistakes or errors accordingly is to be read into and to form a part of every sentence, judgment, order or other part of the record in any criminal case.

In order to correctly tax the costs and effect their correct distribution in all of the cases, retaxation thereof by the district court was necessary, and on February 21, 1950, in connection with other proceedings in the cases, it took action to that end. On that date the district court effected retaxation by entering the following orders:

"It is ordered that the items of costs taxed in the conspiracy case, No. 8832, as follows: Clerk's costs, $65.10 and the attorneys' fee of $20.00 are eliminated and cancelled; that the items aggregating $2,-158.88 in said cause No. 8832, consisting of U. S. Marshal's fees of $126.38 and witness fees of $2,032.50, be retaxed as follows: one-fourth thereof is hereby retaxed as costs in No. 8832 and, in view of defendants' acquittal therein, defendants are relieved and discharged from any and all liability therefor.

"It is further ordered that the other three-fourths of said sum of $2,158.88 be retaxed as costs as follows: One-third of said three-fourths of said sum shall be retaxed as costs and added to the costs now taxed against each defendant in Causes No. 8829, 8830 and 8831."

The district court's corrective action in so retaxing the costs involved nothing more than the fixing and establishment of the liability for costs of the defendants individually in the several cases and on the basis originally prescribed and intended, with proper allowance for the defendants' acquittal in the conspiracy case. As it was proper for the district court to take such action "at any time," the validity of the retaxation is not affected by the fact that when it was made the defendants had already begun service of their terms of imprisonment. The retaxation involved no increase, but rather a decrease, in defendants' liability or punishment, since the sentences always included the provisions that each defendant pay one-third of a larger sum, viz., the aggregate of the costs in all of the cases. It is considered that the retaxation of costs as made by the district court is valid and proper in every respect.

The orders of the district court denying the motion of each defendant to cancel the judgment of conviction against him, and the order correcting the taxation of costs are

Affirmed.